**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Luis Enrique Ramos Perez**,<br><br>                    Plaintiff,<br><br>vs.<br><br>**Quality Custom Iron Work LLC**, an Arizona limited liability company, and **Ruben A. Montes and Jane Doe Montes**, a married couple,<br><br>                    Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Luis Enrique Ramos Perez ("Plaintiff" or "Luis Enrique Ramos Perez"), sues the Defendants, Quality Custom Iron Work LLC and Ruben A. Montes and Jane Doe Montes (collectively, "Defendants" or "Quality Custom Iron Work"), and alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act

("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

4.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

5.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

6.      This is an action for unpaid minimum wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages, liquidated damages, interest, attorneys' fees, and costs under the AMWA.

7.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

8.      The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

11.      At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-3-

12. At all material times, Defendant Quality Custom Iron Work LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Quality Custom Iron Work LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

13. At all relevant times, Defendant Quality Custom Iron Work LLC owned and operated as an iron-based artwork company doing business in the Phoenix Metropolitan Area.

14. Under the FLSA, Defendant Quality Custom Iron Work LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Quality Custom Iron Work LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Defendants' employees, Defendant Quality Custom Iron Work LLC is subject to liability under the FLSA.

15. Defendants Ruben A. Montes and Jane Doe Montes are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Ruben A. Montes and Jane Doe Montes are owners of Quality Custom Iron Work and

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1    were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. §

2    203(d).

3        16.    Under the FLSA, Ruben A. Montes and Jane Doe Montes are employers.

4    The FLSA defines "employer" as any person who acts directly or indirectly in the interest

5    of an employer in relation to an employee.  At all relevant times, Defendants Ruben A.

6    Montes and Jane Doe Montes had the authority to hire and fire employees, supervised

7    and controlled work schedules or the conditions of employment, determined the rate and

8    method of payment, and maintained employment records in connection with Plaintiff's

9    employment with Defendants.  As persons who acted in the interest of Quality Custom

10   Iron Work in relation to their employees, Defendants Ruben A. Montes and Jane Doe

11

12   Montes are subject to individual liability under the FLSA.

13       17.    Plaintiff is further informed, believes, and therefore alleges that each of the

14   Defendants herein gave consent to, ratified, and authorized the acts of all other

15

16   Defendants, as alleged herein.

17       18.    Defendants, and each of them, are sued in both their individual and

18   corporate capacities.

19

20       19.    Defendants are jointly and severally liable for the injuries and damages

21   sustained by Plaintiff.

22

23       20.    At all relevant times, Plaintiff was an "employee" of Defendants as defined

24   by the FLSA, 29 U.S.C. § 201, *et seq.*

25

26       21.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to

27   Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

22.    At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23.    The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

24.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

25.    At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

26.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

27.    On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

28.    At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

29.    At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

30.    Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## **FACTUAL ALLEGATIONS**

31.    At all relevant times, Defendants own and/or operate an iron-based artwork company that is an enterprise doing business in Maricopa County, Arizona.

32.     On or about July 24, 2023, Plaintiff began working for Defendants as a welder.

33.     Throughout Plaintiff's work for Defendants, Defendants paid him, or were supposed to pay him, a weekly rate of $900.

34.     Plaintiff worked a total of approximately two workweeks for Defendants.

35.     Plaintiff's first workweek took place from approximately July 22, 2023, and lasted from Saturday through Friday.

36.     Plaintiff worked approximately five days during his first workweek.

37.     Defendants paid Plaintiff in full for his first workweek.

38.     Plaintiff's second and final workweek consisted of a single Saturday shift on or about July 29, 2023, that lasted approximately eleven (11) hours.

39.     Defendants failed to compensate Plaintiff any wages whatsoever for his final workweek with Defendants.

40.     As a result of failing to pay Plaintiff any wages whatsoever for his final workweek, Defendants did not pay Plaintiff at least the applicable minimum wage for his final workweek.

41.     After he did not receive his final paycheck as expected, Plaintiff contacted Defendant Ruben A. Montes via text message to ask whether they were going to pay him.

42.     In response, Defendant Ruben A. Montes told Plaintiff he was out of town and would pay him when he returned.

43.     However, Plaintiff reached out to him multiple times thereafter, and Defendant Ruben A. Montes never responded to Plaintiff's inquiries.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

44.     To date, Plaintiff still has not been paid for such work performed for Defendants.

45.     At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA, 29 U.S.C. § 201 et seq.

46.     As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

47.     As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

48.     As a result of Defendants' failure to compensate Plaintiff wages due and owing for such hours worked, Defendants violated the AMWA, A.R.S. § 23-350, et seq.

49.     Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

50.     At all relevant times, Plaintiff was a non-exempt employee.

51.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

52.     Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

53.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

54.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

55.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

56.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

57.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58.    As a result of not paying Plaintiff any wage whatsoever for his final workweek of his employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

59.    Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

60.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Luis Enrique Ramos Perez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

61. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. As a result of not paying Plaintiff any wage whatsoever for the final workweek of his employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-10-

63.    Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

64.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Luis Enrique Ramos Perez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING
## QUALITY CUSTOM IRON WORK LLC, ONLY

65.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66.     As a result of the allegations contained herein, Defendant Quality Custom Iron Work LLC did not compensate Plaintiff wages due and owing to him.

67.     Defendant Quality Custom Iron Work LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

68.     Defendant Quality Custom Iron Work LLC acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing to her.

69.     Defendant Quality Custom Iron Work LLC sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

70.     As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the final workweek of his employment with Defendant Quality Custom Iron Work LLC.

71.     Plaintiff is therefore entitled to compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Luis Enrique Ramos Perez, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant Quality Custom Iron Work LLC:

A.    For the Court to declare and find that the Defendant Quality Custom Iron Work LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

### **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 16th day of August 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-13-

## <u>VERIFICATION</u>

1

2          Plaintiff, Luis Enrique Ramos Perez, declares under penalty of perjury that he has

3    read the foregoing Verified Complaint and is familiar with the contents thereof.  The

4    matters asserted therein are true and based on his personal knowledge, except as to those

5    matters stated upon information and belief, and, as to those matters, he believes them to

6    be true.

7

8

9
                                         Luis Enrique Ramos Perez
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27